# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC COOK, on behalf of himself and others similarly situated | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action File No. _____ |
| v. | )<br>) **JURY TRIAL DEMANDED**<br>) |
| J&J PALLET SOLUTIONS, INC. | )<br>)<br>) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff Eric Cook ("Cook"), by and through counsel, and on behalf of himself and other similarly situated employees, and, hereby files this Collective Action Complaint against Defendant J&J Pallet Solutions, Inc. ("Defendant") and states as follows:

## PARTIES, VENUE, AND JURISDICTION

1. At all times material to this Complaint, Cook was an individual domiciled in the Clayton County, in the State of Georgia.

2. At all times material to this Complaint, Defendant has been a for-profit corporation organized under the laws of the State of Georgia with its principal place of business at 5000 Westpark Drive SW, Suite 100, Atlanta, Georgia, 30336.

3. This Court has personal jurisdiction to render judgment against Defendant pursuant to Federal Rules of Civil Procedure rule 4(k)(1)(a) as Defendant is organized under Georgia law and has its principal place of business in Georgia and is therefore subject to general jurisdiction in the State of Georgia.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Cook's principal claims for relief arise from the Fair Labor Standards Act of 1938 (as amended), 29 U.S.C. § 203 *et seq.* (the "FLSA").

5. This Court has authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendant owns and operates a facility within this District, Cook lives in this District, and the events that gave rise to Cook's claims for relief, namely failure to pay overtime, occurred in this District.

7. In addition to bringing this action on his own behalf, Cook brings this action as a collective action for the putative class of similarly situated employees pursuant

to section 16(b) of the FLSA, 29 U.S.C. § 216(b). The putative FLSA classes are identified below in Paragraphs 44(a) & (b).

## FACTS

8. Defendant is in the business of building wooden shipping pallets.

9. Defendant employs sixty to eighty people at its main facility in Atlanta, Georgia.

10. Some of Defendant's employees are pallet builders who are paid a piece rate salary.

11. The remaining employees of Defendant (including Cook) are paid at an hourly rate.

12. Cook began his employment with Defendant as a Maintenance Worker in or around August of 2015.

13. Between approximately August of 2015 and September 11, 2017, Cook's primary job duties included non-exempt tasks, including but not limited to: repairing and maintaining Defendant's facilities in Atlanta, Georgia, and occasionally ordering and picking up supplies necessary for him to complete this work.

14. Defendant paid Cook hourly wages on a weekly basis.

15. At some point prior to Cook's employment with Defendant, Defendant developed a scheme by which it has avoided paying overtime to non-exempt employees such as Cook and those similarly-situated.

16. Defendant has avoided paying overtime to Cook and those similarly-situated by paying its employees for all hours up to 40 per week through a third-party payroll provided, South East Personnel Leasing ("South East") and then paying these employees a flat hourly rate ("straight pay") separately on a check provided directly to the employee, including Cook, by Defendant.

17. Thus, during the entirety of their employment with Defendants within the three (3) year statute of limitations period, Cook and other hourly employees were only paid their regular, hourly rate for all hours worked, including those hours worked over 40 hours per week in a given week.

18. Upon information and belief, Defendant pays its piece rate employees a flat production rate for all products produced, regardless of the hours these employees work.

19. Upon information and belief, Defendant's piece rate employees are not paid a production premium or overtime at a rate of time and one-half for any hours worked over 40 in a given week.

20. During Cook's employment with Defendant, Defendant provided Cook with a pay slip to evidence flat-rate payment for hours he worked in excess of 40 each week.

21. During the three-year statute of limitations period, Defendants did not pay Cook overtime at a rate of time-and-one half his regular rate of pay for any hours worked over 40 in a given week.

22. Defendant's unlawful practice of failing to pay overtime wages is evidenced by Cook's paystubs and pay slips reflecting the wages he earned and was paid by Defendant during his employment.

23. At all times material to this Complaint, Defendant had knowledge of the hours worked in excess of forty (40) hours per week by Cook and similarly situated non-exempt employees for the benefit of Defendant.

24. Nonetheless, Defendant willfully and deliberately failed to pay Cook and the other similarly situated employees overtime wages as required by the FLSA. Accordingly, Cook and those similarly-situated are entitled to a three-year statute of limitations.

25. Defendant's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's

centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by knowingly violating the FLSA.

26. The complete records concerning the compensation actually paid by Defendant to Cook and the other similarly situated employees during the three (3) year statute of limitations period are in the possession, custody, and/or control of Defendants.

27. There is no statute, regulation, administrative opinion, or case law that would allow for a reasonable, good faith belief that the compensation practices described herein are lawful.

28. Because Defendant's violations of the FLSA were unreasonable and were not the result of a good faith misunderstanding of Defendant's obligations under the FLSA, Cook and those similarly situated are entitled to an award of liquidated damages equal to all lost wages proven at trial.

29. Plaintiff Cook has retained the law firms of The Spitz Law Firm, LLC and Buckley Beal LLP to represent him in this case and has agreed to pay the firms a reasonable fee for their services.

### COUNT I: OVERTIME VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT OF 1938 (AS AMENDED)
**(Plaintiff Cook, individually)**

30. Cook incorporates by reference the allegations in paragraphs 1–29 hereof.

31. During all times material to this Complaint, Cook was not exempt from overtime standards because, *inter alia*, he was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

32. Cook believes, and intends to prove through discovery, that Defendant had annual gross revenue over $500,000.00 and that Defendant has employees engaged in the production of goods for commerce and is therefore an enterprise engaged in commerce under the meaning of § 3(s)(1)(A) the FLSA.

33. Between approximately August of 2015 and September 11, 2017, Defendant did not compensate Cook at a rate of time-and-one-half for hours worked in excess of forty hours per week.

34. Cook suffered damages as a direct and proximate result of Defendant's failure to pay overtime pay at a rate of time-and-one-half.

35. Cook is entitled to be paid at the statutory rate of one and one-half times his applicable regular rate of pay for all hours worked in excess of forty (40) hours in a work week for Defendants.

36. Defendant's violation of the FLSA was willful, reckless, and committed unreasonably and without good faith. Defendants' actions are willful and show a reckless disregard for the provisions of the FLSA as evidenced by Defendant's

continued failure to compensate all non-exempt employees at the statutory rate of one and one-half times their applicable regular rates of pay for all hours worked in excess of forty (40) hours per week.

37. At all times material to this Complaint, Defendant had constructive knowledge and/or actual notice that its compensation practices did not provide Cook with time and one-half wages for all of his actual overtime hours worked during numerous work weeks in the three (3) year statute of limitations period based upon, among other things, Defendant failing to pay overtime compensation for all of the actual hours worked in excess of forty (40) hours per week by Cook.

38. Due to the intentional, willful, and unlawful acts of Defendant, Defendant is liable to Cook for liquidated damages equal to unpaid overtime pay in addition to payment of damages, as well as an award of reasonable attorney's fees and costs. 29 U.S.C. § 216(b).

### COUNT II: OVERTIME VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT OF 1938 (AS AMENDED)
**(Putative Classes for Collective Action)**

39. Cook incorporates by reference the allegations set forth in paragraphs 1–29 hereof.

40. Upon information and belief, Defendant's hourly employees performed non-exempt tasks and regularly worked more than forty hours per week.

41. Upon information and belief, Defendants fail to pay all of their hourly and piece rate workers, however variously titled, the overtime wages required by the FLSA despite the fact that these employees are non-exempt and entitled to overtime compensation under the FLSA.

42. For the reasons set forth in paragraphs 8-25, Cook believes, and intends to prove through discovery, that failure to pay overtime to hourly employees and pieceworkers is the result of a common business practices of Defendant.

43. As such, a collective action for the putative classes of employees against Defendant pursuant to 29 U.S.C. § 216(b) of the FLSA is appropriate.

44. The putative classes affected by Defendant's business practices of failing to pay overtime are defined as follows (collectively, the "FLSA Classes"):

   a. **Company Pieceworkers:** All individuals employed by J&J Pallet Solutions, Inc., who were paid a piece rate and who were not paid overtime compensation at a rate of one and one-half times their respective regular rates of pay for hours worked over forty (40) in any given workweek at any time during three (3) years preceding the filing of this action.

   b. **Company Hourly Employees:** All individuals employed by J&J Pallet Solutions, Inc., who were paid an hourly rate and who were not paid overtime compensation at a rate of one and one-half times their respective regular rates of pay for hours worked over forty (40) in any given workweek at any time during three (3) years preceding the filing of this action.

45. Defendant's failure to pay overtime was the direct and proximate cause of damages to the FLSA Classes.

46. Further, Defendant is liable to the FLSA Classes for liquidated damages equal to unpaid overtime pay in addition to payment of damages, plus attorney fees and court costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eric Cook, on behalf of himself and all other similarly situated employees, request judgment against Defendants and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of the classes identified in Paragraphs 44(a)&(b) above, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated FLSA Class Members, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing the Named Plaintiff and the undersigned counsel to represent the Collective Action members;

(b) Awarding to Plaintiff and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(c) Awarding Plaintiff and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of

expenses;

(d) Awarding Plaintiff and the FLSA Class Members such other and further relief as the Court deems just and proper;

(e) Awarding prejudgment and post judgment interest;

(f) For a judgment against Defendant for all damage, relief, or any other recovery whatsoever, and any other relief this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Eric Cook demands a trial by jury by the maximum number of jurors permitted on all questions of fact raised by the Complaint.

Respectfully submitted this 26th day of September, 2018.

                                              BUCKLEY BEAL, LLP

                                              *s/ Rachel Berlin*
                                              Rachel Berlin
                                              rberlin@buckleybeal.com
                                              Georgia Bar No. 707419
                                              600 Peachtree Street NE
                                              Suite 3900
                                              Atlanta, GA  30308
                                              Telephone: (404) 781-1100
                                              Facsimile:  (404) 781-1101

THE SPITZ LAW FIRM, LLC

*s/ Chris P. Wido*
Chris P. Wido (Ohio Bar No. 0090441)*
chris.wido@spitzlawfirm.com
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax: (216) 291-5744

*Motion to Admit *Pro Hac Vice* to be filed

***Attorneys for Plaintiff Eric Cook***